# Hunter *v.* Challinor-Dunker Company, Appellant.

*Bailment—Lien—Articles deposited as tools.*

A printer who receives dies and cuts from a customer for the purpose of printing postcards therefrom, has no lien on the dies and cuts, for the cost of printing the postcards. In such a case the dies and cuts were simply tools with which the work was done, not on which the work was done.

Submitted May 16, 1912. Appeal, No. 61, April T., 1912, by defendant, from judgment of C. P. Allegheny Co., Feb. T., 1909, No. 546, on verdict for plaintiff in case of C. C. Hunter et al., doing business as Happy Medium Card Company, v. Challinor-Dunker Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Appeal from judgment of a justice of the peace. Before KENNEDY, P. J.

The opinion of the Superior Court states the case.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $92.09. Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*W. H. Lemon,* for appellant.—The defendant had a lien on the dies: Mathias v. Sellers, 86 Pa. 486; Hensel v. Noble, 95 Pa. 345; Megee v. Beirne, 39 Pa. 50; Rodgers v. Grothe, 58 Pa. 414; Cummings v. Gann, 52 Pa. 484; Balsbaugh v. Frazer, 19 Pa. 95; Com. v. Herr, 1 Pears. 328; Springer's Est., 3 Lanc. Law Rev. 173.

A stereotyper has the right to retain the plates of a book which he has been employed to stereotype: Moss v. Mogridge, 1 Phila. 121.

*John S. Cort,* for appellee, cited: Hoover v. Epler, 52 Pa. 522; McIntyre v. Carver, 2 W. & S. 392; Mathias v. Sellers, 86 Pa. 486; Hensel v. Noble, 95 Pa. 345.

PER CURIAM, July 18, 1912:

This was an action of trespass for the refusal to re-deliver certain dies and cuts placed in defendant's posses-sion by the plaintiffs for the purpose of printing post cards for the latter, the defendant being a printing com-pany. There was no evidence from which the jury could find that there was a special agreement between the plaintiffs and the defendant whereby the latter was to have the right to retain the dies and cuts until the bill for printing the post cards was paid. Therefore, the sole defense to the action, if there was any, was that the law gave the defendant a lien until the debt was paid. The doctrine as to tradesman's or artisan's lien was thus stated in Mathias v. Sellers, 86 Pa. 486, which is in ac-cordance with what had been previously declared by GIBSON, C. J., in M'Intyre v. Carver, 2 W. & S. 392: "It has long been a settled rule of the common law, that goods deposited with a tradesman or artisan for manufacture or repair, are subject for the work done on them to a specific lien. Thus, a tailor who has made a suit of gar-ments out of the cloth delivered to him, is not bound to deliver the suit to his employer until he is paid for his services. Neither is a ship carpenter bound to restore the ship which he has repaired; nor a jeweler the gem which he has set, or the seal which he has engraved; nor an agister the horse which he has taken on hire, until their respective compensations are paid: Story on Bail-ments, sec. 440, and the cases there cited. Though the right of lien probably originated in those cases in which there was an obligation, arising out of the public employ-ment, to receive the goods, it is not now confined to that class of persons. A particular lien is given by the common law to anyone who takes property in the way of his trade or occupation, to bestow labor and expense upon it." Under the modern cases it is not essential to the lien that the work or expense bestowed on the bailed article has rendered it intrinsically more valuable; indeed, it was stated in Hoover v. Epler, 52 Pa. 522, "that the lien

results from the labor and skill, and not from the improved condition of the thing bailed." But no case that has been brought to our attention has gone so far in advancing the doctrine (which it is said is to be favored) as to abolish the distinction between labor, skill, or expense bestowed on the bailed article, and the bailment of an article for use in manufacturing something else. That distinction prevents the application of the rule to this case, for, as Judge KENNEDY in speaking of the dies and cuts tersely says: "The goods were simply tools, with which the work was done, not on which the work was done."

The judgment is affirmed.