### In re FAIRWAY RECORDS, INC., Debtor.

### FAIRWAY RECORDS, INC., Plaintiff,

### v.

### DIRECT RESPONSE PRODUCTIONS, INC., Defendant.

### Bankruptcy No. 880–00058.

United States Bankruptcy Court, E. D. New York.

Sept. 16, 1980.

Louis P. Rosenberg, Brooklyn, N.Y., for debtor–plaintiff.

William T. Harvey, Kaplan, Finkel, Lefkowitz & Ostrow, Pittsburgh, Pa., for defendant.

## DECISION

C. ALBERT PARENTE, Bankruptcy Judge.

Fairway Records, Inc. (debtor) commenced an adversary proceeding on February 14, 1980, seeking an order pursuant to 11 U.S.C. § 542 directing Direct Response Productions, Inc. (defendant) to turn over to the debtor certain air masters in defendant's possession.

The facts, as stipulated by the parties, follow:

1. Fairway Records, Inc. is a corporation organized under the laws of the State of New York, which filed a petition for relief under Chapter 11 of the Bankruptcy Code on January 4, 1980.

2. The defendant, Direct Response Productions, Inc., is a corporation organized under the laws of the State of Pennsylvania and has its principal place of business located at 610 Melwood Street, Pittsburgh, Pennsylvania.

3. Plaintiff is engaged in the business of promoting and selling sound recordings. The promotions are often conducted by means of television advertising whereby a

prepared videotape is broadcast on which is recorded an advertisement describing and extolling the particular sound recording being promoted. At the end of the recorded advertisement (when in final form prepared for broadcast) is appended an "end tag" which informs the viewing public the address to which they may send their money to purchase the sound recording and the telephone number which they may call to order same.

4. The portion of the advertisements containing the description of the subject of the promotion efforts has, in the instant case, been produced by the plaintiff in facilities other than those of defendant. The videotape containing the basic advertisement without the "end tag" is known as an "air master".

5. Certain "air masters" have been transported to defendant at whose facilities the "end tags" are prepared.

6. The procedure by which the "end tag" is appended to the image recorded on the "air master" is principally as follows:

Defendant uses its facilities to duplicate the image of the "air master" onto a second videotape, thereby creating a duplicate thereof and to add onto the end of said duplicate the additional image and sound—over which comprises the said "end tag".

7. The "air master" remains unchanged and is used as the original source each time a new advertisement is so prepared for airing.

8. Defendant has regularly received orders from plaintiff, or from advertising agencies with which plaintiff had dealings, whereby defendant was asked to prepare new advertisements employing the aforesaid "air master" in duplicate with an "end tag" as described above. Such completed advertisements are then forwarded to a television station for airing.

9. Defendant has regularly invoiced the plaintiff for the services so performed and monies past due on account represents the basis for the claim asserted by defendant in its answer in defense to the complaint.

10. Defendant remains possessed of the said "air masters".

Defendant does not dispute debtor's contention that the air masters in defendant's possession may be subject to a turnover order pursuant to 11 U.S.C. § 542. Defendant, however, avers that it has a common law artisans' lien on the air masters. Premised thereon, defendant invokes its right to adequate protection pursuant to 11 U.S.C. §§ 542(a) and 363(e).

Debtor rebuts defendant's contention, asserting that under Pennsylvania law juxtaposed to the facts and circumstances of this case, creation of an artisans' lien is negated.

The issue posed bisects into two branches, viz.:

(1) Is defendant entitled to adequate protection?

(2) Does defendant have an artisans' lien on the air masters in its possession?

I.

■ Subsection (a) of 11 U.S.C. § 542 requires anyone holding property of the estate on the date of the filing of the petition, or property that the trustee may use, sell, or lease under § 363, to deliver it to the trustee. The air masters forming the subject matter of this controversy constitute property of the estate within the purview of 11 U.S.C. § 363. *In re Troy Industrial Catering Service*, 2 B.R. 521, 1 C.B.C.2d 321 (Bkrtcy.E.D.Mich.1980); H.R.Rep. 95–595 at p. 369; 4 Collier on Bankruptcy (15th Ed.), ¶ 542.02.

However, if the possessory party can show that it holds a valid claim or interest in the property, turnover is interdicted unless the party's interest is adequately protected in accord with the provision of § 361. 11 U.S.C. § 363(e); *In re Troy Industrial Catering Service*, supra.

Therefore, whether defendant is entitled to adequate protection focuses upon whether or not defendant's liability creates an artisans' lien.

II.

■ The law of the forum, i. e., Pennsylvania, is well settled, holding that goods

deposited with a tradesman or artisan who manufacture or repair are subject to a specific lien for the work performed. Common law grants a particular lien to anyone who takes property in the way of his trade or occupation to bestow labor and expense upon it. *Meyers v. Bratespiece*, 174 Pa. 119, 34 A. 551 (1896); *Associates Financial Services Co. v. O'Dell*, 262 Pa.Super. 584, 396 A.2d 1324 (1979); *Parks v. "Mr. Ford"*, 556 F.2d 132 (3rd Cir. 1977); *Younger v. Plunkett*, 395 F.Supp. 702 (E.D.Pa.1975).

Defendant contends that it provided the following services on the air masters: (1) initial handling of the air masters; (2) storage of air masters in anticipation of orders; (3) handling of air masters upon receipt of an order to create a commercial; (4) duplication of air masters; and (5) return of air masters to storage. Defendant asserts that these services constitute "labor bestowed upon" the air masters, thus creating a lien on such property in favor of the defendant.

Debtor does not dispute the services performed by defendant with respect to the air masters, contending, however, that the air masters fall within the category of "tools" which are used to produce a final product, i. e., the finished commercial. Debtor states that under Pennsylvania law, an artisans' lien does not extend to the "tools" used in manufacturing products. The term "tools" is stylistically expressed in this instance. In essence, the defendant uses the air master to duplicate same in order to make the commercial. It is noted, however, that the finished commercial and the air masters are separate and distinct.

The Court finds that debtor's contention is supported by the law of Pennsylvania. In *Hunter v. Challinor–Dunker Co.*, 50 Pa. Super. 617 (1912), appellee–Hunter commenced an action of trespass against the appellant for its refusal to redeliver certain dies and cuts placed in appellant's possession by appellee–Hunter for the purpose of printing post cards. Appellant's sole defense to the action was that Pennsylvania law gave the appellant an artisans' lien on the dies and cuts until the debt was paid. In addressing the issue of whether appel-

lant had an artisans' lien, the Superior Court of Pennsylvania stated:

> But no case that has been brought to our attention has gone so far in advancing the doctrine (which it is said to be favored) as to abolish the distinction between labor, skill, or expense bestowed on the bailed article and the bailment of an article for use in manufacturing something else. That distinction prevents the application of the rule to this case, for as Judge Kennedy in speaking of the dies and cuts tersely says: "*The goods were simply tools, with which the work was done, not on which the work was done.*" (Emphasis added)

*Hunter v. Challinor–Dunker Co.*, supra at p. 619.

Therefore, the air masters held by defendant, much like the dies and cuts in *Hunter v. Challinor–Dunker Co.*, supra, are tools with which the defendant worked with in producing the final product, i. e., the complete commercial. The facts, as stipulated by the parties, support this conclusion. The original air masters delivered by debtor to defendant do not constitute part of the finished commercial. The finished commercial is composed of a copy of the air master and the end tag which is produced by the defendant. Defendant, while he may have an artisans' lien on the finished commercial, does not have an artisans' lien on the original air masters in its possession. *Hunter v. Challinor–Dunker Co.*, supra.

This finding is further supported by the policy of Pennsylvania in refusing to take a liberal approach toward artisans' liens. As stated by the Supreme Court in Pennsylvania:

> The commercial customs of to–day do not favor the tying up of personal property by liens; and, if the courts should now countenance any such general attitude toward the credit system as that announced in the case relied on by appellant, business, as that term is presently understood, would soon come to a standstill.

*Mitchell v. Standard Repair Co.*, 275 Pa. 328 at 332, 119 A. 410 at 411 (1923); *Welded*

**166**

*Tube Co. of America v. Phoenix Steel Corp.,* 512 F.2d 342 (3rd Cir. 1975).

To adopt defendant's contention would be violative of the stated policy of the Pennsylvania courts toward restricting the scope of artisans' liens.

Defendant contends in the alternative that its alleged artisans' lien extends to charges for storage of the air masters.

■ In Pennsylvania the right to a lien for storage is not extended to an artisan in the absence of contractual entitlement, but is limited to warehousemen and those in the business of storage. *Welded Tube Co. of America v. Phoenix Steel Corp.,* supra. A warehouseman is defined as one who carries on the business of receiving and keeping goods in storage for compensation. *Mitchell v. Standard Repair Co.,* supra.

Defendant has failed to establish a contractual entitlement to storage charges and further has failed to establish that it is in the business of receiving and keeping goods in storage for compensation. Thus, the Court concludes that defendant does not have an artisans' lien which extends to storage charges.

Premised upon the facts stipulated by the parties and the precepts of law discussed above, the Court dispositively finds that as defendant does not have an artisans' lien on the air masters in its possession, defendant is not entitled to adequate protection as a condition precedent to turning over said air masters to the debtor. Accordingly, judgment is granted in favor of the debtor and defendant is ordered to turn over the air masters in its possession.

Settle judgment.