### In re BLINDER, ROBINSON & CO., INC., Debtor.

Glen E. KELLER, Jr., Trustee for the liquidation of the business of Blinder, Robinson & Co., Inc., Plaintiff/Appellee,

v.

Meyer BLINDER, et al., Defendants/Appellants.

Civ. A. No. 91–K–1265.
Bankruptcy No. 90 1170 SBB.
Adv. No. 91–1283 RJB.

United States District Court, D. Colorado.

Jan. 22, 1992.

William A. Bianco and Madison E. Bond, Davis, Graham & Stubbs, Denver, Colo., for Keller.

Theodore H. Focht, Michael E. Don, and Stephen P. Harbeck, Securities Investor Protection, Washington, D.C., for Securities Investor Protection.

Howard F. Cerny, New York City, for Meyer Blinder.

Richard S. Vermeire, James T. Burghardt, and Erik K. Foster, Moye, Giles, O'Keefe, Vermeire & Gorrell, Denver, Colo., for Lillian Blinder.

Lawrence Metsch, Miami, Fla. and Michael E. Katch, Katch, Wasserman & Jobin, Denver, Colo., for Intercontinental.

## ORDER GRANTING MOTION TO DISMISS APPEAL

KANE, Senior District Judge.

This is an appeal from the bankruptcy court's July 9, 1991 order denying the motions of defendants Meyer Blinder and Intercontinental Enterprises, Inc. to dismiss Adversary Proceeding No. 91–1283 RJB (the Adversary Proceeding). Glen E. Keller, Jr., trustee for the liquidation of Blinder, Robinson & Co., Inc. (Trustee), moves to dismiss the appeal, arguing that the bankruptcy court's order was non-final and not otherwise subject to immediate review. For the following reasons, the motion is granted.

### I. Facts.

On August 1, 1990, this court entered an order finding that the customers of Blinder Robinson were in need of protection under the Securities Investor Protection Act (SIPA), see 15 U.S.C. §§ 78aaa–lll, appointing the Trustee, and referring the SIPA liquidation proceedings to the bankruptcy court. See Securities Investor Protection Corp. v. Blinder, Robinson & Co., Inc., No. 90–Z–1354 (Aug. 1, 1990) (Judge Weinshienk). The order was appealed to the Tenth Circuit in No. 90–1223. The appellate court denied a motion for stay pending appeal and, as of this writing, has not yet issued a ruling on the merits.

On April 9, 1991, the Trustee commenced the Adversary Proceeding against Mr. Blinder, Intercontinental, and other parties, alleging claims based on fraudulent conveyance, alter ego and other theories. Mr. Blinder and Intercontinental moved to dismiss the Adversary Proceeding, arguing that the bankruptcy court lacked subject matter jurisdiction because (1) SIPA liquidation proceedings cannot be referred to the bankruptcy court, as no reference procedures exist for that purpose, (2) the subject matter of the Adversary Proceeding required determination by an Article III court, (3) the district court's protective order was entered without a hearing, in violation of due process, and without adherence to the standards established under SIPA, and (4) the district court never obtained jurisdiction over Mr. Blinder because process never issued and no summons and complaint were ever served.

On July 9, 1991, the bankruptcy court denied the defendants' motions. It held that they were an improper attempt to attack collaterally the district court's protective order, which had already been appealed to the Tenth Circuit. Alternatively, the court held that the motions were, in effect, attempts to appeal the protective order and were therefore improper in the bankruptcy court. Finally, the court ruled that, despite the defendants' arguments, the SIPA liquidation proceedings had properly been removed to the bankruptcy court and Mr. Blinder and Intercontinental, having filed proofs of claim and voluntarily appeared in several proceedings, had waived any argument as to lack of personal jurisdiction.

On July 19, 1991, both Mr. Blinder and Intercontinental filed notices of appeal from the bankruptcy court ruling. Shortly thereafter, the Trustee moved to dismiss the appeals.

### II. Motion to Dismiss.

■ Under 28 U.S.C. § 158(a), I have jurisdiction to hear appeals from "final

judgments, orders, and decrees" of the bankruptcy court. In his motion to dismiss, the Trustee argues that the bankruptcy court's July 9, 1991 ruling denying the defendants' motions to dismiss is not a final order subject to immediate review, relying on authority from the Supreme Court, the Tenth Circuit and other jurisdictions. These cases hold that an order denying a motion to dismiss premised on lack of jurisdiction, even in the bankruptcy context, is not a final order. *See, e.g., Catlin v. United States*, 324 U.S. 229, 236, 65 S.Ct. 631, 635, 89 L.Ed. 911 (1945); *Magic Circle Energy 1981–A Drilling Program v. Lindsey (In re Magic Circle Energy Corp.)*, 889 F.2d 950 (10th Cir.1989); *Path–Science Lab. v. Greene County Hosp. (In re Greene County Hosp.)*, 835 F.2d 589 (5th Cir.), *cert. denied*, 488 U.S. 820, 109 S.Ct. 64, 102 L.Ed.2d 41 (1988); *John E. Burns Drilling Co. v. Central Bank of Denver*, 739 F.2d 1489 (10th Cir.1984).

In their responses to the Trustee's motion, Mr. Blinder and Intercontinental apparently concede this point, but argue that I should grant them leave to appeal under Bankruptcy Rule 8003. Under standards adopted from 28 U.S.C. § 1292(b), this rule permits direct appeal from an interlocutory order of the bankruptcy court when the order involves a controlling question of law over which there is a substantial basis for disagreement and for which immediate appeal will advance the ultimate termination of the litigation. *See Intercontinental Enters., Inc. v. Keller (In re Blinder, Robinson & Co., Inc.)*, 132 B.R. 759, 764 (D.Colo.1991); *Whirlpool Leasing Servs. v. Nucor, Inc. (In re Nucor, Inc.)*, 116 B.R. 246, 247 (D.Colo.1990). The defendants have the burden to show that the bankruptcy court's order meets these standards. *In re Blinder, Robinson & Co., Inc.*, 132 B.R. at 764.

In this case, Mr. Blinder and Intercontinental's objections to the bankruptcy court's ruling do not involve questions of law over which there is a substantial basis for disagreement. Neither party has cited any authority to support directly the contention that SIPA liquidations cannot be referred to the bankruptcy court. In fact, case law is quite to the contrary. *See Exchange Nat'l Bank of Chicago v. Wyatt*, 517 F.2d 453, 457–58 (2d Cir.1975); *Turner v. Davis, Gillenwater & Lynch (In re Investment Bankers, Inc.)*, No. 86–C–1945, slip. op. at 8–13 (D.Colo.1989); *cf. SEC v. American Board of Trade, Inc.*, 830 F.2d 431, 436 (2d Cir.1987).

Likewise, there is no merit to Intercontinental's argument that, constitutionally, the Adversary Proceeding may only be heard in the district court and not in the bankruptcy court. The company asserts that the decision in *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), creates a "category of cases, including cases where the trustee is suing someone to augment the estate in liquidation, where the defendant is entitled to an Article III adjudication of its private rights, regardless of the availability or waiver of common law jury trial rights." (Br. of Appellant Intercontinental Enter., Inc. at 15.) Again, Intercontinental cites no case law supporting its theory that the defendants have the absolute right to trial before an Article III court.

While the Supreme Court held in *Granfinanciera* that fraudulent conveyance actions were "matters of private rather than public right" which "lie at the 'protected core' of Article III judicial power," *id.* at 56, 109 S.Ct. at 2797, it went on to reason that, when a party files a claim against the estate, as the defendants have here, the trustee's fraudulent conveyance action arises " 'as part of the process of the allowance and disallowance of claims,' " *id.* at 58, 109 S.Ct. at 2798, for which no right to a jury trial attaches. The Court went on to explain:

> We could not have made plainer that our holding in *Schoenthal* retained its vitality: "[A]lthough petitioner might be entitled to a jury trial on the issue of preference if he presented no claim in the bankruptcy proceeding and awaited a federal plenary action by the trustee, *Schoenthal v. Irving Trust Co.*, 287 U.S. 92 [53 S.Ct. 50, 77 L.Ed. 185], when the same issue arises as part of the process of

allowance and disallowance of claims, it is triable in equity."

*Id.* 492 U.S. at 58, 109 S.Ct. at 2798 (citing *Katchen v. Landy*, 382 U.S. 323, 336, 86 S.Ct. 467, 475, 15 L.Ed.2d 391 (1966)). Contrary to the defendants' suggestion, I fail to see how *Granfinanciera* could be construed to carve out a subcategory of "private rights" cases justiciable only in Article III courts regardless of the context in which the case arises. The determination as to which tribunal is proper turns on whether a party has filed a claim against the estate and has therefore subjected himself to the bankruptcy court's equitable power to disallow that claim. *See Langencamp v. Culp,* — U.S. —, 111 S.Ct. 330, 331, 112 L.Ed.2d 343 (1990); *Granfinanciera*, 492 U.S. at 59 n. 14, 109 S.Ct. at 2799 n. 14. Intercontinental has not demonstrated that there is substantial ground for disagreement as to the interpretation of *Granfinanciera* on this point.

Finally, Mr. Blinder and Intercontinental assert that the bankruptcy court erred in declining to consider whether the district court's entry of the protective order was invalid because there was no evidentiary hearing or service of process on Mr. Blinder. Rather than addressing the bankruptcy court's rationale in declining to consider these issues, however, the appellants focus on the merits of the district court's action. They have not cited any case law to support their contention that the bankruptcy court, an inferior court to the district court, had the authority to review the merits of the district court's entry of the protective order. Thus, I must conclude that the defendants have failed to establish that the bankruptcy court's April 9, 1991 order meets the standards for interlocutory appeal.

Accordingly, IT IS ORDERED that the Trustee's Motion to Dismiss the Appeals of Intercontinental Enterprises, Inc. and Meyer Blinder is GRANTED, and

IT IS FURTHER ORDERED that this appeal is DISMISSED.