**In re Laurencio Jaen OCANA as President/Commission Appointee Latino Americano De Reaseguros, S.A., Debtor.**

**No. 92 Civ. 5765 (PNL).**

United States District Court,
S.D. New York.

Feb. 17, 1993.

## MEMORANDUM AND ORDER

LEVAL, District Judge.

The Insurance Corporation of Hannover appeals from an order of the Bankruptcy Court (Blackshear, J.), dated June 8, 1992, granting the debtor, Latino Americano de Reaseguros, S.A. ("LARSA"), a Panamanian reinsurance company, a stay of two federal district court actions brought by Hannover.

In 1984 and 1985, LARSA and Hannover entered into certain contracts by which LARSA agreed to reinsure risks of Hannover. Hannover alleges that LARSA breached those agreements and owes Hannover over $1,710,816. On April 6, 1990, LARSA went into statutory reorganization, a rough equivalent of bankruptcy, under the protection of the Panamanian National Reinsurance Commission.

In the Central District of California, Hannover then brought suit against Banco Cafetero, a Panamanian Bank, for payment of Cafetero's letter of credit opened by LARSA for the benefit of Hannover. *Insurance Corp. of Hannover v. Banco Cafetero*, No. CV–90–3850(WMB). And, in the Southern District of New York, Hannover brought suit against LARSA and Citibank, N.A., as trustee, seeking to attach the assets of a New York trust established by LARSA for the protection of the rights of its policyholders and beneficiaries pursuant to New York insurance regulations, 11 NYCRR 27.5. *Insurance Corp. of Hannover v. Latino Americano De Reaseguros, et al.*, 90 Civ. 7734(PNL). On November 18, 1991, just before trial of the Cafetero action in California, LARSA filed an ancillary proceeding in bankruptcy court in New York, under § 304 of the Bankruptcy Code.[1] Under Section 304(b)(1) the Bankruptcy Court then issued the orders here appealed from staying Hannover's prosecution of its actions.

### A. *Appeal of the Preliminary Injunction Order*

██ LARSA asserts that the bankruptcy court's order is not appealable because it is an interlocutory order. I reject the contention. The stay order is, in effect, a preliminary injunction. It bars Hannover for a long, open-ended period (the duration of the ancillary bankruptcy proceeding), from pursuing litigation which is not brought against the bankrupt. Courts have treated bankruptcy orders staying other actions as appealable under Bankruptcy Rule 8001 and 28 U.S.C. § 158(a).[2] *See, e.g., In re Neuman*, 71 B.R. 567, 574 (S.D.N.Y.1987).

---

1. Section 304 provides:
   (a) A case ancillary to a foreign proceeding is commenced by the filing with the bankruptcy court of a petition under this section by a foreign representative.
   (b) Subject to the provisions of subsection (c) of this section, if a party in interest does not timely controvert the petition, or after trial, the court may—
   (1) enjoin the commencement or continuation of—
   (A) any action against—
   (i) a debtor with respect to property involved in such foreign proceeding; or

(ii) such property; ...
(2) order turnover of the property of such estate, or the proceeds of such property, to such foreign representative; ....

2. In the alternative, Hannover asserts that this court should treat its appeal as a motion for leave to appeal, and grant it under 28 U.S.C. § 158(a), because the bankruptcy court's decision involves a controlling question of law involving a substantial ground for difference of opinion, the resolution of which would materially advance the litigation.

## B. *The Letter of Credit*

■ The stay of Hannover's action against Banco Cafetero is based on an incorrect theory of law. Hannover's action against Banco Cafetero is not brought against the debtor (LARSA) nor against the debtor's property. The letter of credit is an irrevocable and unconditional promise on the part of Banco Cafetero to pay the beneficiary upon the presentation of specified documents. The beneficiary's action is against the bank, not the account party, and the money to be used in making the payment is the bank's money. The fact that the issuing bank holds collateral of the debtor to secure the bank's extension of credit to LARSA has no bearing on the beneficiary's right to receive payment from the bank on the bank's contract. *See, e.g., In re M.J. Sales & Distributing Co.*, 25 B.R. 608, 613 (Bankr.S.D.N.Y.1982); *Kupetz v. Continental Ill. Nat'l Bank*, 77 B.R. 754, 764 (C.D.Cal.1987); *In re Minoco Group of Companies, Ltd.*, 799 F.2d 517, 519 n. 3 (9th Cir.1986); *In re Marine Distributors, Inc.*, 522 F.2d 791 (9th Cir.1975).[3]

Hannover's action is not brought against LARSA's collateral; the merits of its right to be paid by the bank on its letter of credit do not depend in any way on whether the bank received security from LARSA as a condition of issuing the letter of credit. This is not an action "against . . . a debtor" nor "against . . . [a debtor's] property." Thus, LARSA's attempt to bring this situation within the scope of Section 304(b)(1)(A) cannot succeed. *Cf. In re Koreag, Controle Et Revision S.A.*, 961 F.2d 341 (2d Cir.1992) (bankruptcy court must determine whether asset is property of the estate before turning over asset to foreign bankruptcy proceeding).

■ Moreover, allowing the debtor's bankruptcy to interfere with payment on clean, irrevocable letters of credit would vitiate the purpose of such letters. Letters of credit are an ingenious device of international commerce. By interposing the bank between buyer and seller, as an independent party, they permit a seller to ship merchandise abroad with confidence that payment is guaranteed by a bank; and permit the purchaser to pay with assurance that the payment will not be released to the seller unless the seller delivers proof of the shipment of the goods. One of the principal purposes of letters of credit is to relieve the seller-shipper from worry as to the purchaser's solvency, *for the seller looks not to the purchaser, but to the bank, for payment.* If the payment of letters of credit could be stayed, as here, merely because the account party had obtained the protection of a bankruptcy court, this would do incalculable harm to international commerce. Letters of credit would no longer reliably perform the function they were designed for.

Because the stay of the Cafetero action must be vacated for the reasons given above, I need not rule on Hannover's further claims that a *foreign* debtor could not proceed in New York to stay an action in California. *See* 28 U.S.C. § 1410(a) (§ 304 action "may be commenced *only* in the district court for the district where the State or Federal court sits in which is pending the action or proceeding against which the injunction is sought") (emphasis added); *see also Collier on Bankruptcy*, ¶ 3.02, at 3–151 (15th ed. 1992).

## C. *The New York Trust Fund*

■ As to Hannover's action in the Southern District of New York against Citibank as trustee, Judge Blackshear, at LARSA's instance, stayed Hannover from prosecuting the action in its entirety under authority of § 304(b)(1). Under New York Insurance Department regulation 41, 11 NYCRR § 27.5,[4] a foreign or alien insurance company not licensed to business in New York must establish an irrevocable trust for the benefit of its "policyholders and beneficiaries." The regulation further provides:

---

**3.** The testimony of all witnesses at the bankruptcy hearing was, furthermore, that under Panamanian law as well, the letter of credit is not property of the estate.

**4.** Both parties agree that New York law is to apply.

In the event the insurer is found to be insolvent, pursuant to the laws of its domiciliary jurisdiction, the trustee shall disburse such trust funds at the direction of the Superintendent of Insurance of the State of New York. . . .

LARSA established such a trust at Citibank in the amount of $1.5 million. LARSA argues that the New York trust is property of the estate under New York law because LARSA has a reversionary interest in the trust after any distribution to its policyholders, for whose benefit the trust was established. Pursuant to the trust agreement and New York insurance law, an independent audit report was prepared by Peat, Marwick & Mitchell and provided to the Insurance Department of the State of New York. The audit report, dated January 28, 1991, stated that LARSA has potential liabilities for claims on direct insurance business underwritten by LARSA in the United States in the amount of $440,-114.12 and losses of $82,927.53, for a total of $523,041.65 (the "reserve amount"). Outstanding liabilities from reinsurance business are not included in the audit report. On February 22, 1991, a supervising insurance examiner of the New York Insurance Department sent an approval letter to Citibank, authorizing Citibank to release the excess on the Trust fund, over the reserve amount. Transworld Assurance Company has also claimed an interest in the fund in the amount of $77,392.82, as a reinsured of LARSA.

The trust agreement states that it covers "any contract or policy of insurance or reinsurance . . . made by [LARSA] wherein the premiums and losses are expressed to be payable in U.S.A. currency." LARSA argues that the trust fund was created for the benefit of direct policyholders and that Hannover is neither a direct policyholder nor a New York insured. Hannover contends that it is a policyholder within the meaning of LARSA's trust agreement and therefore an intended beneficiary of the trust. Hannover argues that the portion of the trust fund required to be held for the benefit of beneficiaries is not property of the debtor's estate, and therefore that its suit against Citibank for recovery from those funds may not be enjoined by the bankruptcy court.

I need not determine at this point whether Hannover is or is not a proper beneficiary of the trust. What is significant as to the lawfulness of the stay under § 304(b)(1)(A) is whether Hannover's suit is "with respect to" or "against" property of the debtor LARSA that is "involved in" LARSA's foreign bankruptcy proceeding. The lawfulness of the stay must be separately examined with regard to different aspects of the relief Hannover seeks, because the trust fund has two parts that are of distinctly different character.

■ The part retained by the Trustee under the terms of the trust for use to compensate its beneficiaries is not the debtor's property. The very purpose of establishing such a trust is to take the property outside the settlor's control. LARSA neither owns nor controls that property. To the extent Hannover's action is against Citibank as trustee and seeks to establish claims against the trust property, such an action is not "with respect to property involved in [LARSA's] foreign [bankruptcy] proceeding"; nor is it "against . . . such property." Upon the establishment of the trust, the property ceased to belong to the debtor; the establishment of the trust put the property beyond the reach of the settlor-debtor's bankruptcy court. The stay of Hannover's action against Citibank relating to the property to be used for the purposes of the trust is therefore not within the reach of the bankruptcy court.

That portion of the stay must be vacated.

■ LARSA's only interest in the trust property is reversionary: i.e., to the extent the trust property exceeds the purposes for which the trust was established, it will be returned to LARSA, the settlor of the trust.

The second segment of the trust property is the portion that will ultimately revert to LARSA after satisfaction of the obligations of the trust. That expectation is LARSA's property; the funds themselves will become LARSA's property when paid

by the Trustee to LARSA to effectuate the reversion.

It seems clear that the reversion right is properly subject to control by LARSA's bankruptcy court. To the extent that Hannover's action seeks remedies against LARSA's reversion interest or against the funds being paid to LARSA under the reversion, the bankruptcy court has the right to enjoin actions against such property. Thus, Hannover's action against LARSA with respect to its reversion was properly stayed.

### Conclusion

The stay of Hannover's action against Banco Cafetero in the Central District of California is vacated.

The stay of Hannover's action against LARSA in the Southern District of New York relating to LARSA's reversion interest in the New York Trust is affirmed.

The stay of Hannover's suit against Citibank in the same captioned action, claiming that Hannover is a beneficiary of the trust entitled to be compensated out of the trust's funds, is vacated.

SO ORDERED.