In re 1820–1838 AMSTERDAM EQUITIES, INC., Debtor.

The CITY OF NEW YORK, Creditor–Appellant,

v.

1820–1838 AMSTERDAM EQUITIES, INC., Debtor–Appellee.

No. M–47 (RWS).

United States District Court, S.D. New York.

Dec. 13, 1994.

Paul A. Crotty, Corp. Co. of City of New York (Alan H. Kleinman, Paul E. Kazanoff, of counsel), New York City, for creditor-appellant.

Finkel Goldstein Berzow & Rosenbloom (Gary I. Selinger, Kevin J. Nash, of counsel), New York City, for debtor-appellee.

### OPINION

SWEET, District Judge.

*In Re Amsterdam*

Creditor–Appellant the City of New York (the "City") seeks leave to appeal an order of

the Honorable Prudence B. Abram, Bankruptcy Judge, of the United States Bankruptcy Court for the Southern District of New York denying its motion to dismiss the Debtor's Chapter 11 petition.

For reasons set forth below, leave to appeal is denied at this time.

*The Parties*

The Debtor, 1820–1838 Amsterdam Equities ("Amsterdam"), is the owner of a commercial building located at that address in Upper Manhattan. The debtor filed for voluntary bankruptcy under Chapter 11 on May 4, 1992.

The City is a creditor in the bankruptcy proceeding. The Debtor is in default of over $400,000 in City Real estate taxes, water and sewer charges and other assessments.

*Facts and Prior Proceedings*

Amsterdam filed for voluntary bankruptcy under Chapter 11 on May 4, 1992. The principal asset is a commercial real property at 1818–1838 Amsterdam Avenue (the "Property"). Dominion Financial Corporation ("Dominion") holds a $1 million first mortgage lien on the property. The principal of Dominion is Mr. Rinzler ("Rinzler").

Pursuant to a motion made by the City on July 29, 1994 to dismiss the bankruptcy petition, for contempt and for sanctions, the Bankruptcy Court found that the Property "has become subject to a state of apparent lawlessness under which various tenants and/or occupants have effectively taken control of [the Property] and have refused to pay rent and taxes." *Amended Emergency Order to Permit Repairs and Access,* November 9, 1994 (PBA).

In that order Judge Abram, who presides over the Chapter 11 proceedings for Amsterdam, found that prompt action was needed to preserve the Debtor's estate and the interest of the general public and ordered, in summary: (1) that Dominion was authorized to do the work to cure the violations cited by the City and that it would have financial liability for the repairs and U.S. Marshal protection to safeguard the workers; and (2) that the City could take no further enforcement action against the Debtor and its officers without further Bankruptcy Court authorization.

The Bankruptcy Court did not hear oral argument on the motion to dismiss before issuing its November 9, 1994 Order. Oral argument on the motion to dismiss was heard on November 10, 1994. At the November 10 hearing, Judge Abram denied a stay of her non-enforcement provision in the November 9 Order and after hearing from both parties, denied the City's motion to dismiss. She reserved decision on the sanctions and contempt portion of the City's motion.

The City gave Judge Abram an order to sign, but the Court declined to sign the order since it was not exclusively directed to the denial of the motion to dismiss. No written order to dismiss has been filed as to the motion to dismiss.

On November 22, 1994, the Honorable Robert P. Patterson, District Judge, heard the City's emergency motion for leave to appeal the portion of Judge Abram's Order that halted the City's enforcement action and for a stay of the Order pending appeal. Judge Patterson granted the motion for leave to appeal and the stay of the Order pending an appeal of that portion of the Order requiring the City to take no criminal enforcement action with respect to the building and fire code violations. November 29 was set as the hearing date on the non-emergency motion for leave to appeal the denial of a motion to dismiss the bankruptcy petition.

On November 29, before this Court, both parties were heard with respect to the motion for leave to appeal the denial of the motion to dismiss.

No plan for reorganization has been submitted in the bankruptcy proceeding.

*Discussion*

■ In seeking leave to appeal, the City has correctly asserted that the Bankruptcy Court's Order is interlocutory in nature. The fact that the denial of the motion to dismiss was oral instead of written does not prevent this Court from hearing this motion for leave to appeal the denial of the motion to dismiss.

Appeals from interlocutory orders in bankruptcy cases are governed by 28 U.S.C. § 158, which provides in part:

(a) The district courts of the United States shall have jurisdiction to hear appeals ... with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.

.    .    .    .    .

(c) an appeal under subsections (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally taken to the courts of appeals from the district courts....

28 U.S.C. § 158 (1993).

Although there are no particular statutory criteria for determining whether to grant leave to appeal an interlocutory order, courts have consistently held that such orders will not be granted absent "exceptional circumstances." *See, e.g., In re Johns–Manville Corp.,* 47 B.R. 957, 960 (S.D.N.Y.1985); *In re Manville Forest Products Corp.,* 47 B.R. 955, 956 (S.D.N.Y.1985), *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 474–75, 98 S.Ct. 2454, 2460–61, 57 L.Ed.2d 351 (1978) (applying same rationale to 28 U.S.C. § 1292). To do otherwise "would contravene the well-established judicial policy of discouraging interlocutory appeals and avoiding the delay and disruption which results from such piecemeal litigation." *In re Johns–Manville Corp.,* 47 B.R. at 960 *citing In re Casco Bay Lines, Inc.,* 8 B.R. 784, 786 (Bankr. 1st Cir.1981).

■ When determining whether to grant an interlocutory appeal from a decision of the bankruptcy court, this Court generally applies the standard governing interlocutory appeals from the district courts to the courts of appeals. *See* 28 U.S.C. § 1292(b); *In re Beker Industries Corp.,* 89 B.R. 336, 341 (S.D.N.Y.1988); *In re Johns–Manville,* 47 B.R. at 960; *In re Manville Forest Products,* 47 B.R. at 957; 1 Lawrence King, Collier on Bankruptcy P 3.03[6][d][i], at 3–194 to –195 (15th ed. 1991). Under this standard, leave to appeal an interlocutory order will be granted only if the order involves a controlling question of law over which there is a

substantial ground for difference of opinion and if an immediate appeal would materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). The City cannot meet these requirements.

The City moved for a dismissal under 11 U.S.C. § 1112 which says in pertinent part:

... on request of a party of interest ... the court ... may convert a case under this chapter to a case under chapter 7 ... or dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, including—

(1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation;

(2) inability to effectuate a plan;

(3) unreasonable delay by the debtor that is prejudicial to creditors ...

11 U.S.C. § 1112(b) (1993).

■ On a motion to dismiss a Chapter 11 case "[t]he Bankruptcy Court has wide discretion to determine if cause exists, and how to ultimately dispose of the case." *In re Coffee Cupboard, Inc.,* 119 B.R. 14, 18 (E.D.N.Y.1990). Moreover, no one factor, or even a combination, can be dispositive. *See In re I–95 Technology–Industrial Park, L.P.,* 126 B.R. 11, 14 (Bankr.D.R.I.1991) ("Courts are required to exercise their sound judgment in ruling on a motion to dismiss, and cannot be constrained by any particular test or pronouncement of factors which would limit their ability to determine what is in the best interest of creditors and the estate.")

■ There is no controlling question of law over which there is a substantial ground for difference of opinion. The standard for determining whether to dismiss a bankruptcy case involves the weighing of the interests of the estate and the creditors and determining if there is cause. The City has not raised any issues that were not considered by the Court in denying the motion, nor have they presented a question of law. The basic contention of the City is that it thinks it is right that the Debtor has fraudulently entered into Chapter 11 proceedings and that there is cause to dismiss.

Reviewing the transcript of the hearing on November 10, it appears that Judge Abram considered the City's arguments and believed that it was in the best interest of the Debtor and other creditors to let the proceedings continue. The judge in the bankruptcy court is in the best position to weigh the facts. It appears from her discussion that she has done that. In response to the City's motion to dismiss and having read the City's motion papers, the Court said:

> I will deny the motion to dismiss the case on the grounds that, as far as I can tell, the property has a value which is significant and that there is a mortgage holder who wished to see that value preserved and they are a creditor for whom this case can be pursued.

Tr. at 19–20 (Nov. 10, 1994)

In response to the City's assertion that the motion should be granted because Amsterdam has no reorganization plans, no disclosures, and no fees, the Court responded:

> This is the only one of these cases that I personally have seen any viability to.... There are ... reasons why Dominion and its principal ... did not proceed with respect to the property prior to the recent time period because Mr. Rinsler (sic) and Dominion were themselves in Chapter 11 proceedings and until those proceedings were resolved it was unclear which properties Mr. Rinsler (sic) might end up with
> ....

Tr. at 20.

Neither the parties nor the judge has raised any controlling question of law about which there is dispute. This is a case where the Bankruptcy Judge, most familiar with the facts of this case, has determined that dismissal of the petition is not in the best interests of the parties.

■ The decision not to dismiss Amsterdam's case was fact-specific, and based on the particular circumstances of the case. This sort of situation, absent "extraordinary circumstances" should not be appealed. *See In re Orlan*, 138 B.R. 374, 377 (E.D.N.Y. 1992) (denying leave to appeal from an order, reopening the record of an evidentiary hearing on a committee's motion for conversion or

the appointment of a Chapter 11 trustee, as the order "involved a question committed to the sound discretion of the bankruptcy court.")

The second part of the evaluation is whether allowing the interlocutory appeal will materially advance the ultimate termination of the litigation. Since it appears that Judge Abram's denial of the motion to dismiss was based on her understanding of the facts of this case, it is unlikely that an appeal of the denial will be successful.

Federal Rule of Bankruptcy Procedure 8013 provides that on an appeal from a bankruptcy court order,

> Findings of fact, whether based on oral or documentary evidence shall not be set aside unless · clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

*See also In re Brody*, 3 F.3d 35, 38 (2d Cir.1993) ("like the district court, we review the bankruptcy court's findings under a deferential standard and will reverse only if our own review of the record convinces us that the bankruptcy court clearly erred in making those findings.").

■ Any appeal from this order will necessarily involve a review of the facts found by Judge Abram. Because the fact-specific conclusions will be given the benefit of a "clearly erroneous" standard on appeal, an immediate appeal is unlikely to materially advance the ultimate termination of this litigation, as required under 28 U.S.C. § 1292(b) (1993).

At this point, the Bankruptcy Court believes that progress will be made shortly on the reorganization plan and on resolving the debt issues of Amsterdam. If the facts play out differently, the City will be free to move for dismissal again. Because neither part of the test for permitting an interlocutory appeal is met, the motion for leave to appeal is denied.

*Conclusion*

The motion for leave to appeal is denied.

It is so ordered.