In re ORANGE BOAT SALES, Debtor.

Michael O'Leary, as Trustee for Orange Boat Sales, Inc., Plaintiff/Appellant,

v.

Maxum Marine, a division of Brunswick Corp., Defendant/Appellee.

Nos. 97 B 33167 (JEB), 99–CV–4287 (BDP).

United States District Court, S.D. New York.

Sept. 24, 1999.

Frederick E. Maute, Cornwall–on–Hudson, NY, for plaintiff.

Deily Dautel & Mooney, Albany, NY, for defendant.

BARRINGTON D. PARKER, Jr., District Judge.

Plaintiff-appellant Orange Boat Sales, Inc. appeals from an order of Bankruptcy Judge Jeremiah E. Berk entered on March 2, 1999 in which Judge Berk denied plaintiff's motion to, (1) extend or reopen the time for completion of discovery by plaintiff; (2) compel discovery concerning responses to interrogatories and production of documents and/or for an order of preclusion, and (3) strike a demand for a "Confidentiality Agreement" prior to production of certain documents not deemed as confidential. In addition, Judge Berk granted defendant-appellee Maxum Marine's motion for an order of preclusion at trial of any and all documents not produced by plaintiff prior to the discovery cut-off date of December 16, 1998.

## BACKGROUND

On August 7, 1997, Orange Boat Sales, Inc. ("Orange Boat") and Maxum Marine ("Maxum") made an oral contract under which Orange Boat would serve as Maxum's dealer. On October 10, 1997, Orange Boat filed a Chapter 11 Bankruptcy Petition in the United States Bankruptcy Court for the Southern District of New York. Orange Boat, *inter alia*, alleges that as a result, Maxum tried to replace Orange Boat as a dealer and prevent Orange Boat from attending the New York Boat Show in 1998. On around December 17, 1997, Orange Boat, as debtor-in-possession, commenced an adversary proceeding in which it sought a preliminary injunction and related relief that would have permitted it to attend the 1998 New York Boat Show as a Maxum dealer.

Following a pretrial conference held on June 8, the Bankruptcy Court issued a Pretrial Order dated June 9, 1998, pursuant to Fed.R.Civ.P. 16 (made applicable through Federal Rules of Bankruptcy Procedure, Rule 7016), providing that discovery and other proceedings conclude on or before December 10, 1998. The Bankruptcy Judge ordered the discovery deadline extended to December 16, 1998, in accordance with a stipulation executed by Orange Boat's counsel on December 10, 1998.

On December 18, 1998, two days after the discovery deadline had passed, Orange Boat filed an application for an Order to Show Cause to reopen discovery and for other discovery-related relief. Following a hearing on January 6, 1999, the Bankruptcy Court directed the parties to file motions on the matters and declined to enter the Order to Show Cause. The matters were heard on March 2, 1999, resulting in Judge Berk's ruling dated March 30, 1999.

### DISCUSSION

#### 1. Jurisdiction

Initially Maxum contends that this Court lacks jurisdiction to hear Orange Boat's appeal because leave to appeal was not sought or obtained. While Maxum is correct that Orange Boat failed to seek leave to appeal as required by 28 U.S.C. § 158(a)(3) and F.R.B.P. 8001(b) and 8003, this procedural oversight does not bar this appeal.

■ Appeals from cases originating in the bankruptcy courts are governed by § 28 U.S.C. § 158. *See In re AroChem Corp.; Bank Brussels Lambert v. Coan,* 176 F.3d 610, 618 (2d Cir.1999). Section 158(a) vests district courts with appellate jurisdiction over bankruptcy court rulings. While final orders of the bankruptcy court may be appealed to the district court as of right, *see* 28 U.S.C. § 158(a)(1), appeals from nonfinal bankruptcy court orders may be taken only "with leave" of the district court, *see id.* § 158(a)(3).[1] The latter provision is applicable here. *See, e.g., Mishkin v. Ageloff,* 220 B.R. 784 (S.D.N.Y.1998) (district court exercised jurisdiction under § 158(a)(3) to hear appeal from bankruptcy court's decision granting Trustee relief from automatic stay of discovery imposed by Private Securities Litigation Reform Act); *In re MacInnis,* 235 B.R. 255 (S.D.N.Y.1998) (§ 158(a)(3) appeal of order denying debtor's motion to dismiss Chapter 11 bankruptcy petition); *Americare Health Group, Inc. v. Melillo,* 223 B.R. 70 (E.D.N.Y.1998) (interlocutory transfer order and order denying debtor's motion to dismiss nondischargeability complaint not final orders).

■ Where, as here, the party appealing the bankruptcy court's interlocutory order failed to seek leave to appeal, but timely filed a notice of appeal, "the district court ... may grant leave to appeal...." F.R.B.P. 8003(c); *see also In re Chateaugay Corp.; Back v. LTV Corp.,* 213 B.R. 633, 636 (S.D.N.Y.1997). Several Circuits, including this one, have stated, in dicta, that it is within the discretion of the district court whether to hear an appeal of an interlocutory order from the bankruptcy court. *See In re Holly Flor,* 79 F.3d 281, 283 (2d Cir.1996) (a district court has jurisdiction to hear bankruptcy appeals not only from orders that are final, but also from orders that are nonfinal if taken "with leave of" the district court); *In re Sonnax Industries,* 907 F.2d 1280, 1283 n. 1 (2d Cir.1990) (section 158(a) authorizes district courts to hear appeals from interlocutory orders by discretionary leave of

---

1. 28 U.S.C. § 158 provides in relevant part:

   § *158. Appeals*

   (A) The district courts of the United States shall have jurisdiction to hear appeals

   (1) from final judgments, orders, and decrees;

   (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and

   (3) with leave of the court, from other interlocutory orders and decrees.

the district court); *Temex Energy, Inc. v. Underwood,* 968 F.2d 1003, 1005 (10th Cir. 1992) (interlocutory review available upon the district court's certification); *In re Morse Electric Co.,* 805 F.2d 262, 264 (7th Cir.1986) (district courts "may elect to hear interlocutory appeals"); *In re Ryther,* 799 F.2d 1412, 1414 (9th Cir.1986) (district courts "may grant leave to hear appeals from interlocutory orders").

■ Neither section 158(a)(3) nor the Bankruptcy Code specifically delineates the criteria which govern an appeal under § 158(a)(3). In deciding whether to grant leave to appeal under § 158(a)(3), courts in this district have incorporated the standards applicable to interlocutory appeals under 28 U.S.C. § 1292(b). *See, e.g., Chateaugay Corp.,* 213 B.R. at 636; *Americare Health,* 223 B.R. 70 at 74; *In re MacInnis,* 235 B.R. at 263.

Under that standard, an appeal may be taken once the appellant has demonstrated that the order "involves a controlling issue of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Chateaugay Corp.,* 213 B.R. at 636. At the same time, courts have recognized the limitations of this analysis and have found the standards of § 1292(b) inappropriate and have adopted a more flexible approach. *See, e.g., Mishkin,* 220 B.R. at 791 ("a flexible approach to the concept of finality in the bankruptcy context supports a similarly flexible approach to the standard for granting interlocutory appeals from interlocutory orders of a bankruptcy court"); *In re Williams,* 215 B.R. 289, 298 n. 6 (D.R.I.1997) (" § 158(a)(3) obviously vests broader discretion [than § 1292(b) ] in the district courts to permit interlocutory appeals").

In light of the above standards, this Court concludes that it may exercise jurisdiction over this appeal.

## 2. The Merits

■ The discovery disputes in question arise under Fed.R.Civ.P. 37 (made applicable through F.R.B.P.3017) and Rule 16. On appeals of orders of a Bankruptcy Judge made under Rules 16 and 37, the appropriate standard of review is abuse of discretion. *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 642, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Pereira v. Felzenberg,* No. 96 Civ. 7957, 1997 WL 698186, at *4 (S.D.N.Y. Nov. 7, 1997). Specifically, findings of fact made by the Bankruptcy Court "shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." F.R.B.P. 8013.

■ Federal Rule of Bankruptcy Procedure 7016, incorporating Fed.R.Civ.P. 16(b), provides that a discovery schedule "shall not be modified except upon a showing of good cause." *See Anderson v. Bungee Internat'l Mfg. Corp.,* No. 96 Civ. 0186(MGC)(THK), 1999 WL 219904 (S.D.N.Y. Apr. 14, 1999); *Pratt v. City Mission Society, Inc.,* No. 97–CV–0515E(H), 1999 WL 222568, at *1 (S.D.N.Y. Apr. 12, 1999) (declining to extend discovery for lack of good cause shown). To demonstrate good cause, the party seeking a modification must show that the relevant deadline could not reasonably be met despite that party's diligence. *Pratt,* 1999 WL 222568, at *1; *Carnrite v. Granada Hosp. Group, Inc.,* 175 F.R.D. 439, 446 (W.D.N.Y.1997) ("to demonstrate good cause, a party must show that despite their diligence the timetable could not have reasonably been met") (internal quotations omitted); *see also Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992) ("[i]f that party was not diligent, the inquiry should end"). The practice in federal court has long been strict adherence to discovery cut-off dates, absent a showing of good cause. *See, e.g., Billups v. West,* No. 95

Civ. 1146(KMW)(HBP), 1997 WL 100798, at *3 (S.D.N.Y. Mar. 6, 1997).

Orange Boat did not persuade the Bankruptcy Court nor does it persuade this Court that it had good cause to fail to meet discovery deadlines or good cause warranting the reopening of discovery. Orange Boat advances two reasons for its failure to comply with the Court's Order: (1) delay by Maxum in responding to discovery demands and incomplete responses to discovery requests, and (2) illness suffered by Orange Boat's counsel. But, Orange Boat had at least six months (from the date that Judge Berk set the discovery schedule to the close of discovery) to secure the materials requested in discovery from Maxum. The record below contains no sufficient reason why Orange Boat waited until after discovery had closed to formally raise this issue. Moreover, the Bankruptcy Judge questioned Orange Boat's counsel on March 2, 1999 to determine the severity of his illness and the relationship, if any, between counsel's illness and his failure to comply with the Court's Order and found that counsel's illness was not sufficiently serious to prevent him from meeting the discovery deadline. Neither of these conclusions by the Bankruptcy Court constituted an abuse of its discretion.

## CONCLUSION

The Order of the Bankruptcy Court dated March 30, 1999 is affirmed.

**SO ORDERED.**