**Allen PILECKAS, Appellant,**

v.

**Robert MARCUCIO and Janice Marcucio, Appellees.**

**No. 93–CV–0605.**

United States District Court, N.D. New York.

July 7, 1993.

Robert J. Krzys, Amsterdam, NY (Robert J. Krzys, of counsel), for creditor/appellant.

Carter, Conboy, Bardwell, Case, Blackmore & Napierski, Albany, NY (Michael Jude O'Connor, of counsel), for debtors/appellees.

### MEMORANDUM–DECISION AND ORDER

McAVOY, Chief Judge.

This is an appeal pursuant to 28 U.S.C. § 158(a) from an order of the United States Bankruptcy Court for the Northern District of New York (Mahoney, J). Appellant has filed objections to the Bankruptcy Court's ruling which required him to return

Chapter 13 debtors' repossessed vehicle, based on Appellant's failure to perfect his security interest by filing with the New York State Department of Motor Vehicles.

## I. BACKGROUND

In September, 1991, debtors Robert and Janice Marcucio ("Appellees") were indebted to creditor Allen Pileckas ("Appellant") in the sum of $10,800.[1] As evidence of the indebtedness, Robert Marcucio executed a promissory note by which he promised to pay to Appellant the sum of $450 per month for 24 months, commencing on October 1, 1991 and ending on September 1, 1993. In addition, according to Appellant, Marcucio consented that a lien be placed against his 1989 Dodge Dakota four wheel drive truck in order to secure payment of the indebtedness. The purported security interest was memorialized in a Uniform Commercial Code Financing Statement ("UCC–1") which Appellant filed, along with the requisite filing fee, in the Office of the New York Secretary of State.

In February, 1993, after a series of defaults in payment, Appellant lawfully repossessed the vehicle through self-help. At the point of repossession, Appellees remained indebted to Appellant in the sum of approximately $8,000.

Approximately two weeks later, in March of 1993, Appellees filed their Chapter 13 petition with the United States Bankruptcy Court for the Northern District of New York. They then moved the Bankruptcy Court for an order requiring Appellant to return the repossessed vehicle. In response, Appellant cross-moved the Bankruptcy Court for an order lifting the automatic stay provisions of 11 U.S.C. § 362.

On April 15, 1993, the Bankruptcy Court (Mahoney, J.) granted the relief sought by Appellees, pursuant to 11 U.S.C. §§ 105 and 543, to the extent that Appellant was directed to return the vehicle. The essence of Bankruptcy Judge Mahoney's ruling was that the vehicle was property of the debtor's bankruptcy estate inasmuch as

Appellant failed to perfect his lien in the vehicle by filing with the Department of Motor Vehicles pursuant to Article 46 of the New York Vehicle and Traffic Law. Appellant's present motion for leave to appeal followed.

Appellant's motion for leave to appeal is granted, and the decision of the Bankruptcy Court is affirmed on different grounds.

## II. DISCUSSION

### A. Procedural Matters

■ As a threshold matter, the court must ensure that there is a jurisdictional basis for every matter which comes before it. Pursuant to 28 U.S.C. § 158, the relevant appellate jurisdictional statute in bankruptcy proceedings, "[t]he district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges ..." 28 U.S.C. § 158(a). Thus, parties may appeal final orders and decrees of the bankruptcy court as of right, but may only appeal interlocutory orders with leave of court. The initial dispute between the parties is whether the order of the court below constitutes a final order and is therefore appealable as a matter of right, or whether the bankruptcy court's decision is an interlocutory order requiring leave to appeal.

■ An interlocutory order is one which "constitutes only an initial step in the bankruptcy process and does not affect the disposition of the assets of the debtor." *In re Hooker Investments, Inc.*, 122 B.R. 659, 661 (Bankr.S.D.N.Y.), *appeal dismissed*, 937 F.2d 833 (2d Cir.1991). Conversely, a final order "ends the litigation on the merits and leaves nothing for the court to do but exercise the judgment." *In re Chateaugay Corp.*, 826 F.2d 1177, 1179 (2d Cir.1987), *quoting Catlin v. U.S.*, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945). I find that the decision rendered by Judge

---

1. The details surrounding the indebtedness are not set forth in the papers presently before the court.

Mahoney did not constitute a final order on the underlying action since the bankruptcy proceeding clearly continued after the order. Rather, it was an interlocutory order as it served as an initial step in the entire bankruptcy process which did not directly affect the disposition of the debtors assets, but merely preserved the status quo.

■ Having decided that the order below was interlocutory, the next issue is whether the appellant should be granted leave to appeal. The statutes and rules do not provide a standard for evaluating the merits of a motion for leave to appeal an interlocutory order. It has been recognized, however, that the decision is within the district court's sound discretion and that the court may apply, by analogy, the standards set forth in 28 U.S.C. § 1292(b) governing the appealability of interlocutory decisions of district court judges.[2] *See In re Johns-Manville Corp.*, 39 B.R. 234, 236 (Bankr.S.D.N.Y.1984); *In re Crescenzi*, No. 91 Civ. 8045, 1992 WL 30615, 1992 U.S. Dist. LEXIS 1082 (S.D.N.Y.1992). I find that the question of whether a security interest in a motor vehicle may be properly perfected under the New York Uniform Commercial Code satisfies the test of 28 U.S.C. § 1292(b). Accordingly, based on the discretion which has been placed in this court to hear such appellate matters, Appellant's motion for leave to appeal is hereby granted.

## B. The Merits

■ Appellant in this matter contends that the filing of a UCC–1 with the New York Secretary of State effectively perfected his security interest in the subject motor vehicle. This contention is without merit. Appellant fails to recognize that pursuant to New York Vehicle and Traffic Law § 2118, the *sole* method for perfecting a security interest in a motor vehicle is "[b]y the delivery to the commissioner of the existing certificate of title, if any, an application for a certificate of title containing

the name and address of the lienholder and the required fee." N.Y.Veh. & Traf. Law § 2118(b)(1)(A) (McKinney 1986); *see also In re Microband Cos., Inc.*, 135 B.R. 2, 5 (Bankr.S.D.N.Y.1991); *Magnagno v. U.S.*, No. 88–CV–1329, 1993 WL 56026 (Bankr. N.D.N.Y. Feb. 25, 1993).

Indeed, section 2123 of the Vehicle and Traffic Law expressly states that "the method provided ... of perfecting and giving notice of security interests subject to ... [article 46] is *exclusive.*" N.Y.Veh. & Traf. Law § 2123 (McKinney 1986) (emphasis added); *see also In re Osborn*, 389 F.Supp. 1137, 1140 n. 3 (N.D.N.Y.1975) ("[Article 46] supplants existing law which applies Article 9 of the U.C.C. to security interests in motor vehicles."). Although Appellant contends that he perfected his security interest in accordance with the Uniform Commercial Code, I can find no statutory provision or controlling case decision which entitles him to do so. On the contrary, the Official Comment to U.C.C. § 9–302 unequivocally states that subsection (3) of that provision exempts from the filing provisions (of Article 9) transactions as to which an adequate system of filing, state or federal, has been established. Article 46 of the New York Vehicle and Traffic Law is such a system. The Official Comment goes on to state that "when such a system exists perfection of a relevant security interest can be had *only* through compliance with that system (i.e., filing under this article is *not* a permissible alternative.)" N.Y. U.C.C. § 9–302, Official Comment 8 (McKinney 1978) (emphasis added); *see also* N.Y. U.C.C. § 9–307, Official Comment 3 (McKinney 1978) ("[W]here motor vehicles are concerned, in a state having such a certificate of title law, perfection will be under that law.").

Based on the foregoing, Appellant's failure to comply with the Article 46 clearly renders his security interest unperfected and, accordingly, his claim unsecured. *See General Motors Acceptance Corp. v. Wali-*

---

**2.** Section 1292(b) permits interlocutory appeals when the order "invokes a controlling question of law as to which there is substantial ground for difference of opinion and [when] an imme-diate appeal from the order may materially advance the ultimate termination of the litigation ..." 28 U.S.C. § 1292(b) (1982).

*gora,* 24 B.R. 905, 906 (Bankr.W.D.N.Y. 1982); *In re Harvey,* 80 B.R. 533, 540 (Bankr.N.D.Okl.1987). Thus, the next inquiry is what effect, if any, the filing of a Chapter 13 petition has on an unsecured creditor's pre-petition repossession of a debtor's vehicle.

■ In *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983), the Supreme Court held that collateral which has been repossessed by a secured creditor immediately prior to the filing of a Chapter 11 petition is property of the bankruptcy estate and therefore subject to turnover pursuant to section 542(a) of the Bankruptcy Code ("Code"). Several courts have analyzed the *Whiting Pools* decision and determined that the holding, which cited the Congressional goal of encouraging and facilitating Chapter 11 reorganizations, should be extended to Chapter 13 cases as well. *See In re Attinello,* 38 B.R. 609, 611 (Bankr.E.D.Pa. 1984); *In re Robinson,* 36 B.R. 35, 37 (Bankr.E.D.Ark.1983); *In re Radden,* 35 B.R. 821, 827 (Bankr.E.D.Va.1983). In that vein, the court in *Robinson, supra,* stated:

> the congressional goal of encouraging individual reorganization under Chapter 13 is as high a priority, if not higher, as the goal of encouraging Chapter 11 which the Supreme Court refers to in *Whiting Pools.* The broad application of § 542(a) in a Chapter 13 proceeding is entirely consistent with this goal and is consistent with the Supreme Court analysis and conclusion in *Whiting Pools.*

36 B.R. at 38.

I concur with those courts which have extended *Whiting Pools* to the Chapter 13 context. Furthermore, this court is of the opinion that the *Whiting Pools* rationale applies with equal, if not greater, force in this case for the very fact that Appellant is an *unsecured* creditor.[3] Such an extension is rational in that an unsecured creditor's rights are generally subordinate to those of a secured creditor. Accordingly, under *Whiting Pools* and its progeny, I find that

the repossessed vehicle is part of Appellees' Chapter 13 estate and is therefore subject to the turnover provisions of section 542 of the Code.

■ Having determined that the vehicle is subject to the turnover provisions of section 542, the final question is whether Appellees are actually entitled to turnover. It is well settled that before a *secured* creditor may be compelled to turnover property under the Code, the debtor must demonstrate that the secured creditor's interest is "adequately protected." 11 U.S.C. § 363(e) and 11 U.S.C. § 361; *see also In re Pine Lake Village Apartment Co.,* 19 B.R. 819, 823 (Bankr.S.D.N.Y.1982), *reh'g denied,* 21 B.R. 478 (1982). However, because Appellant here is an unsecured creditor, and because "there is no express statutory requirement that holders of unsecured claims be provided [the] 'adequate protection' of § 361 which may be required under §§ 362, 363 or 364 of the Code," he is not entitled to "adequate protection". *In re Southern Biotech, Inc.,* 37 B.R. 318, 324 (Bankr.M.D.Fla.1983); *In re Aegean Fare, Inc.,* 33 B.R. 745, 748 (Bankr.D.Mass.1983), *modified,* 34 B.R. 965 (1983); *In re Fairway Records, Inc.,* 6 B.R. 162, 166 (Bankr. E.D.N.Y.1980) (failure to secure a lien does not entitle a creditor to adequate protection as a condition precedent to turnover under 11 U.S.C. § 542). Consequently, Appellees are entitled to turnover and they need not demonstrate "adequate protection" of Appellant's unsecured claim under their Chapter 13 plan.

### III.  CONCLUSION

Appellant failed to perfect a security interest in the subject motor vehicle based upon his failure to comply with Article 46 of the New York Vehicle and Traffic Law and is, therefore, properly deemed an unsecured creditor. The motor vehicle is property of Appellees' bankruptcy estate and must be turned over to Appellees pursuant to 11 U.S.C. § 542(a).[4] Accordingly, the

---

3.  The creditors in *Attinello, Robinson,* and *Radden* were all secured creditors.

4.  Although the Bankruptcy Court based its determination on 11 U.S.C. §§ 105 and 543, the district court is not bound by the clearly errone-

Order of the Bankruptcy Court is hereby AFFIRMED.

**IT IS SO ORDERED.**

ous standard when reviewing a bankruptcy court's application of a legal standard to facts reasonably found, and the district court is free to reach its own conclusions of law after a *de novo* review. *See In re Southold Dev. Corp.,* 134 B.R. 705 (Bankr.E.D.N.Y.1991); *In re Penn–Dixie Industries, Inc.,* 9 B.R. 936 (Bankr.S.D.N.Y. 1981).