In re AQUATIC DEVELOPMENT GROUP, INC., Debtor.

AQUATIC DEVELOPMENT GROUP, INC., Plaintiff,

v.

**William THOMAS, Defendant.**

**William THOMAS, Appellant,**

v.

AQUATIC DEVELOPMENT GROUP, INC., Appellee.

No. 96–CV–542 (FJS).

United States District Court, N.D. New York.

June 11, 1996.

MacKrell, Rowlands, Premo & Pierro (Paul A. Levine, of counsel), Albany, New York, for defendant-appellant.

DeGraff, Foy, Holt–Harris, Mealey & Kunz (Robert J. Rock, of counsel), Albany, New York, for debtor-plaintiff-appellee.

SCULLIN, District Judge.

## INTRODUCTION

Presently before this Court is defendant's motion, pursuant to 28 U.S.C. § 158(a), for leave to appeal an Order of Judge Robert E. Littlefield, Jr. denying defendant's motion to dismiss the adversary proceeding.

## BACKGROUND

Aquatic Development Group, Inc. ("ADG"), the debtor, and its seven affiliated corporations[1] all filed voluntary bankruptcy petitions for reorganization pursuant to Chapter 11 of the Bankruptcy Code on September 19, 1995. These eight individual cases were consolidated by Order of the Bankruptcy Court dated October 2, 1995.

On November 6, 1995, debtor filed its Plan of Reorganization and Disclosure Statement. A hearing was held on December 28, 1995 before the Bankruptcy Court at which time conditional approval of debtor's Disclosure Statement was granted. In addition, the Bankruptcy Court approved the utilization of a procedure pursuant to 11 U.S.C. § 105 and the Federal Rules of Bankruptcy Procedure 9006(c), by which the Disclosure Statement and confirmation of the debtor's Plan of Reorganization would be considered together at a hearing on January 18, 1996. On January 4, 1996, debtor filed its Amended Plan and Amended Disclosure Statement.

At a hearing held on January 18, 1996, the Bankruptcy Court granted final approval of the debtor's Amended Disclosure Statement and confirmed debtor's Amended Plan of Reorganization, subject to the negotiation of an appropriate Order of Confirmation and the Court's approval of debtor's post-confirmation financing. An Order of Confirmation was entered by the Bankruptcy Court on February 16, 1996.

Subsequent to the commencement of the Chapter 11 case, debtor allegedly discovered that defendant had, prior to his termination, and in violation of his contractual and fiduciary duties to AFW, diverted certain corporate opportunities to himself. In addition, debtor alleges that defendant was competing with AFW, in violation of covenants in his contracts with AFW. These discoveries prompted the plaintiff to commence the adversary proceeding on or about December 21, 1995. The complaint alleges (1) breach of contract arising from covenants not-to-compete and confidentiality agreements, (2) breach of implied covenants of good faith, (3) unjust en-

richment, (4) conversion, (5) breach of fiduciary duties, (6) intentional interference with prospective economic advantage, (7) prima facie tort, and (8) common law unfair competition.

Prior to interposing his Answer to the adversary proceeding complaint, defendant moved to dismiss the complaint pursuant to Federal Rules of Bankruptcy Procedure 7012(b) and Federal Rules of Civil Procedure 12(b)(6). The basis of the motion was that debtor failed to list either the causes of action against defendant or the underlying contracts and contract rights in its schedules of assets filed in the Chapter 11 proceeding. This, according to defendant, precluded the commencement of an adversary proceeding because debtor's Plan or Reorganization had been confirmed without the inclusion of these "assets" such that debtor did not have title to the assets and capacity to sue. As authority, defendant cited an unbroken line of cases which hold that if a debtor does not reveal an asset in its schedules, it cannot later sue upon that claim.

Plaintiff argued that this failure to disclose the causes of action and/or the underlying contracts on the schedule of assets may be corrected because the Chapter 11 proceeding is still ongoing and a statutory right to amend the schedules still exists.

The Bankruptcy Court entertained argument on March 5, 1996, and ultimately denied the motion to dismiss the adversary proceeding. Judge Littlefield found that (1) debtor's Chapter 11 case had not yet closed; (2) debtor had a statutory right to amend its schedules to include the claims being sued upon; and (3) equity dictated continuance on the merits and not dismissal on misplaced procedural grounds. Defendant filed the present motion for leave to appeal this Order on April 2, 1996.

## DISCUSSION

▮▮▮ Appeals from orders and decrees in bankruptcy cases are governed by 28 U.S.C. § 158(a), which provides:

---

1. The seven affiliated corporations are Aquatic Construction, Ltd., Aquatic Builders, Ltd., Hydro–Tech Systems, Ltd., A.F.W. of North America Multi–Purpose Swimming Pools, Inc., Aquatic Amusement Associates, Ltd., Slide, Ltd., and H & K of Albany, Ltd.

(a) The district courts of the United States shall have jurisdiction to hear appeals from final judgment, orders and decrees and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceeding referred to the bankruptcy judges under section 157 of this title....

...

(c) An appeal under subsections (a) and (b) of this title shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts....

As such, final orders and decrees of the bankruptcy court may be appealed as of right, but parties may only appeal interlocutory orders with leave of the court.

■■■■ An interlocutory order is one which " 'constitutes only an initial step in the bankruptcy process and does not effect the disposition of the assets of the debtor.' " *Pileckas v. Marcucio*, 156 B.R. 721, 723 (N.D.N.Y. 1993) (quoting *In re Hooker Investments, Inc.*, 122 B.R. 659, 661 (Bankr.S.D.N.Y.), *appeal dismissed*, 937 F.2d 833 (2d Cir.1991)). It is well-settled that denial of a motion to dismiss a complaint in an adversary proceeding is an interlocutory order. *See, e.g., In re FYM Clinical Laboratory, Inc.*, 1994 WL 665960 at *1 (S.D.N.Y. Nov. 28, 1994); *In re 1820–1838 Amsterdam Equities, Inc.*, 176 B.R. 127 (Bankr.S.D.N.Y.1994); *In re Johns–Manville Corp.*, 39 B.R. 234, 236 (Bankr. S.D.N.Y.1984). Therefore, this Court has discretion when deciding whether to grant the motion for leave to appeal.

■■■■ Under 28 U.S.C. § 158(a), leave to appeal " 'is to be liberally granted where it can help the expeditious resolution of the case.' " *In re Hotel Syracuse, Inc.*, 1991 WL 274253 at *5 (N.D.N.Y. Dec. 19, 1991) (quoting *In re Beker Industries Corp.*, 89 B.R. 336, 341 (S.D.N.Y.1988)). The Bankruptcy Code and Rules do not provide a standard for evaluating the merits of a motion for leave to appeal an interlocutory order. "It has been recognized, however, that the decision is within the district court's sound discretion and that the court may apply, by analogy, the standards set forth in 28 U.S.C. § 1292(b) governing the appealability of in-terlocutory decisions of district court judges" to the circuit courts. *Pileckas*, 156 B.R. at 724 (citing *In re Johns–Manville Corp.*, 39 B.R. 234, 236 (Bankr.S.D.N.Y.1984) & *In re Crescenzi*, No. 91 Civ. 8045, 1992 WL 30615 (S.D.N.Y. Feb. 5, 1992)).

■■■ Under 28 U.S.C. § 1292(b), leave to appeal from an interlocutory order will be granted only if the Order (1) involves a controlling question of law; (2) over which there is a substantial ground for difference of opinion; and (3) if an immediate appeal would materially advance the ultimate termination of the litigation. *See Pileckas*, 156 B.R. at 724 n. 2; *Hotel Syracuse*, 1991 WL 274253 at *5; *In re Ionosphere Clubs, Inc.*, 179 B.R. 24 (S.D.N.Y.1995). Moreover, "only 'exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.' " *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir.1990) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475, 98 S.Ct. 2454, 2461, 57 L.Ed.2d 351 (1978)); *accord 1820–1838 Amsterdam Equities*, 176 B.R. at 129 (in context of appeal from bankruptcy order); *In re Pan Am Corporation*, 159 B.R. 396, 401 (S.D.N.Y.1993).

■■■ "A controlling question of law is one that has 'the potential for substantially accelerating the disposition of the litigation' and does not concern 'matters that are entrusted to the discretion of the bankruptcy court.' " *Hotel Syracuse*, 1991 WL 274253 at *7 (quoting *In re Chandler*, 66 B.R. 334 (N.D.Ga. 1986)). The Court finds that the Bankruptcy Court's determination did have the potential for "substantially" accelerating the disposition of the litigation. If Judge Littlefield had in fact granted the motion to dismiss, the adversary proceeding would have concluded.

The Court finds, however, that the matters underlying the motion to dismiss are "entrusted to the discretion of the bankruptcy judge." *Hotel Syracuse*, 1991 WL 274253 at *7 (court found that a determination of whether party timely objected to subpoena under FED.R.CIV.P. 45(d)(1) was not a discretionary matter). Bankruptcy judges possess intimate knowledge of Chapter 11 proceedings and the rules and law which control the

administration of these proceedings. In this case, the matter underlying the motion to dismiss is based wholly upon the rules governing Chapter 11 proceedings, the application of which, the Court finds, is within the discretion of the bankruptcy court. Therefore, there is no controlling question of law involved in this case.

Moreover, the Court finds that there are no substantial grounds for difference of opinion concerning the Bankruptcy Court's interpretation of Federal Rules of Bankruptcy Procedure §§ 1009(a)[2] and 3022[3], as well as 11 U.S.C. § 350(a).[4] Defendant has cited no law which contradicts Judge Littlefield's interpretation of these provisions—that the Chapter 11 proceeding was not closed and a statutory right to amend the order existed under Federal Rules of Bankruptcy Procedure § 1009(a). The case law relied on by defendant deals only with the issue of debtor's capacity to pursue a claim not listed in its schedule after the Chapter 11 proceeding had been closed. In light of defendant's failure to satisfy this criterion, no further analysis is necessary.

Therefore, after carefully considering the record, the parties' submission, and the relevant law, it is hereby

**ORDERED** that defendant's motion for leave to appeal Judge Littlefield's Order is **DENIED.**

**2.** Federal Rules of Bankruptcy Procedure § 1009(a) states: "(a) *General Right to Amend.* a voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course *at any time before the case is closed.*"

**3.** "After an estate is fully administered in a Chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." FED R.BANKR.P. § 3022.

**4.** "After an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a).