In the Matter of Gordon E. GOUVEIA,
Trustee, Appellant,

v.

INTERNAL REVENUE SERVICE
of The United States of
America, Appellee.

No. 2:97 CV 324.
Adversary No. 96–6159.

United States District Court,
N.D. Indiana,
Hammond Division.

Oct. 19, 1998.

Lori D Fisher, Gouveia and Miller, Merrill-ville, IN, for Gordon E Gouveia, Trustee.

Kevin P Jenkins, U.S. Department of Justice, Washington, DC, for IRS, of The United States of America.

### ORDER

MOODY, District Judge.

Before the court is the motion for leave to appeal an interlocutory order of the Bankruptcy Court filed by Gordon E. Gouveia ("Gouveia"). District courts have discretionary appellate jurisdiction over interlocutory orders of the bankruptcy courts under 28 U.S.C. § 158(a). While parties may appeal final orders and decrees of the bankruptcy court as a matter of right, they may only appeal interlocutory orders with leave of

court. *See id.; Pileckas v. Marcucio,* 156 B.R. 721, 724 (N.D.N.Y.1993). Although the exact parameters of the court's discretion was not defined in § 158, district courts have come to the consensus that review is proper only where the circumstances surrounding the bankruptcy court's interlocutory order are similar to those surrounding an appealable order of a district court under 28 U.S.C. § 1292(b).[1] *See, e.g., Stewart v. Kutner,* 656 F.2d 1107, 1111 (5th Cir.1981), *cert. denied,* 455 U.S. 945, 102 S.Ct. 1443, 71 L.Ed.2d 658 (1982); *Pileckas,* 156 B.R. at 724; *In re Johns–Manville Corp.,* 39 B.R. 234, 236 (S.D.N.Y.1984); *In re Crescenzi,* No. 91 Civ. 8045, 1992 WL 30615, 1992 U.S.Dist. LEXIS 1082 (S.D.N.Y.1992). Therefore, district courts have generally applied a three-part test to determine whether to grant leave to appeal from an interlocutory bankruptcy court order. Leave will be granted if: (1) the order sought to be reviewed involves a controlling question of law; (2) as to which a substantial ground for difference of opinion exists; and (3) an immediate appeal may materially advance the ultimate termination of the case.

■ Movant Gouveia is the trustee of Quality Health Care ("debtor"), a business that filed for relief under Chapter 7 of the United States Bankruptcy Code on May 7, 1996. Gouveia wishes to appeal an interim order of the bankruptcy court denying his request for the turnover of certain funds that were issued from the debtor's estate to the IRS after the debtor's petition for relief was filed. The IRS, according to Gouveia, was required to return the funds, even though the IRS had a valid pre-petition lien on the funds, because acceptance of the funds was done in violation of the automatic stay imposed by Chapter 7. Accordingly, Gouveia requested turnover of the funds and then filed a complaint to compel turnover, but the IRS maintained that it was not obligated to relinquish the funds because Gouveia had not provided the IRS with adequate protection as required by 11 U.S.C. § 363(e). The United States Bankruptcy Court for the Northern District of Indiana, Hammond Division, issued an interlocutory order allowing the IRS to retain the funds, and Gouveia moves this court for leave to appeal that order.

Gouveia's motion for leave to appeal recites the standard for such appeal as the reason why the motion should be granted, without any actual application of the standard to the facts of this case: *"Reasons why leave to appeal should be granted:* The interlocutory order involves a controlling questions [sic] of law as to which there is substantial ground for difference of opinion and that [sic] an immediate appeal from the order may materially advance the ultimate termination of the litigation." Motion for leave to appeal ¶ D. The court does not agree with Gouveia's conclusory assessment.

The bankruptcy court's 71–page order discussed dozens of cases dealing with the effects of pre-petition levies and post-petition seizures of funds from a debtor's estate. After its extended analysis of the case law, the bankruptcy court made several findings: (1) The funds at issue ($1,903.01) were the property of the debtor but had been subjected to a prepetition tax lien by the IRS; (2) As a result of the prepetition lien, the funds were constructively possessed by the IRS at the time of the debtor's Chapter 7 bankruptcy petition; (3) The IRS's failure to take affirmative steps to refuse the funds, to remove its lien from the funds, or to return the funds did not violate the automatic bankruptcy stay; (4) The IRS was entitled to adequate protection from Gouveia as a condition precedent to turning over the funds; and (5) The IRS is entitled to retain the funds "at this time." The bankruptcy court went on to caution the parties that its order was merely preliminary:

> [T]he IRS may at this time retain the proceeds of the Bank account; provided, however, that in the event that after all

1. Section 1292(b) states:

   When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, ... [t]he Court of Appeals ... may ... permit an appeal to be taken....

estate assets are fully administered and liquidated, and all duly filed claims are allowed or disallowed, and the Trustee determines that the proceeds of the Bank account are reasonably necessary to pay §§ 507(a)(1)–(a)(7) claims versus the Debtor's estate, and that the lien of the IRS should be subordinated pursuant to § 724(b), he may file his Supplemental Complaint in this Adversary Proceeding, so alleging, and if after a trial on the merits, the Court determines that the Bank proceeds are in fact required to pay any such claims, the Court may enter a Final Judgment in favor of the Trustee pursuant to § 542(a), without the necessity of the Trustee first providing adequate protection to the USA as to its lien.

Bankruptcy Court Order at 70–71.

The court cannot fathom how a review of such an order, which makes no final determination regarding the IRS's right to the funds or as to any other creditor's right to the funds, would "materially advance the ultimate termination of the litigation." In fact, this court's review would prolong the litigation by expending judicial time and energy on issues that may ultimately be irrelevant to the outcome of the litigation (because Gouveia may end up "getting his way," by getting the money back for disbursement to other creditors, despite this preliminary ruling). In addition, because the bankruptcy court's order leaves open the question of who is ultimately entitled to the funds at issue, it is impossible to measure the impact the order has, if any, on the litigation as a whole. The order simply defers the bankruptcy court's ruling on Gouveia's turnover demand until additional creditor information can be examined. It is impossible to state that such an order deals with "a controlling issue of law." Under the discretionary standard laid out above, the court agrees with the United States that the bankruptcy court's order should not be reviewed at this time:

> The order from which [Gouveia] appeals essentially only requires that [Gouveia] establish ... that the lien of the IRS will, in fact, be subordinated to [other] claims.... Administration of the bankruptcy estate will accomplish the task of determining whether subordination is appropriate and will be required whether this appeal is taken or not. Furthermore, once the administration of the estate is accomplished, it should be clear whether or not the IRS lien will be subordinated to the [other] claims.... Pursuit of this interlocutory appeal not only will not materially advance the termination of this litigation, but will lengthen the administration of the bankruptcy estate and deplete what funds are available for distribution to creditors.

Opposition to Motion for Leave to Appeal at 2.

For the foregoing reasons, Gouveia's motion for leave to appeal is **DENIED** and this case is **REMANDED** to the bankruptcy court for further proceedings. In addition, the United States' Motion for Stay of Proceedings Pending Ruling on Motion for Leave to Appeal and Enlargement of Time to Serve and File Appellee's Brief is **DENIED AS MOOT**.

**SO ORDERED.**